UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA,

                *Plaintiff*,

v.

BETH E. CLIFFORD,

                *Defendant*.

CIVIL ACTION NO.

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 31 U.S.C. § 3711(g)(4)(C), brings this civil action to collect from Beth E. Clifford outstanding civil penalties assessed against her, pursuant to 31 U.S.C. § 5321(a)(5) (commonly known as an FBAR penalty), for her failure to timely report her financial interest in, or signature or other authority over, foreign financial accounts for the 2017, 2018, 2019, and 2021 calendar years, as required by 31 U.S.C. § 5314 and its implementing regulations, as well as all associated penalties and interest.  In support of its complaint, the United States alleges as follows:

JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355(a) because the complaint arises under a federal statute, the United States is the plaintiff, and the action seeks recovery or enforcement of civil penalties.

2.      Defendant Beth E. Clifford, with the last known address of 26 Garden Street, Bath, ME 04530, is within the jurisdiction of this Court.

3.      The District of Maine is the proper venue for this action under 28 U.S.C. § 1391 because the defendant resides in Maine.

1

## LEGAL DUTY TO REPORT FOREIGN FINANCIAL ACCOUNTS

4.     Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States persons to report certain relationships with foreign financial entities. Under the statute's implementing regulations "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship to the Commissioner of Internal Revenue for each year in which such relationship exists." 31 C.F.R. § 1010.350(a).

5.     To fulfill this requirement, a U.S. person must file a "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." *See id.*

6.     An FBAR requires a U.S. person to disclose, among other things, the maximum value of each foreign account during the calendar year reported, the type of account, the name of the financial institution in which the account is held, the account number, and the mailing address of the financial institution in which the account is held.  *See* FinCEN Form 114 (the form used for reporting foreign accounts for calendar years 2017, 2018, 2019, and 2021).

7.     An FBAR is due by April 15th of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year. *See* Surface Transportation and Veterans Health Care Choice Improvement Act of 2015 (the "Act"), Public Law 114-41, § 2006(b)(11), 129 Stat. 458-59.  For the calendar years 2017, 2018, 2019, and 2021, FBARs were due by April 15, 2018; April 15, 2019; April 15, 2020; and April 15, 2022, respectively.  Filers who missed the April 15 due date received an extension to October 15, by claiming the extension and filing before the October 15 extended date, as required by the Act, Public Law 114-41, § 2006(b)(11), 129 Stat. 458-59.  Clifford failed to file an FBAR with regard

2

to each of the 2017, 2018, 2019, and 2021 calendar years on or before April 15 of the following year, and she did not request an extension for any of these years.

8.     Schedule B, Interest and Ordinary Dividends, is an attachment to the federal individual income tax return (Form 1040) that is used for reporting, among other things, interest and dividend income, as well as any financial interest in or signature authority over financial accounts located in foreign countries. For the tax years 2017, 2018, 2019, and 2021, Schedule B referred to the FBAR filing requirement and alerted the taxpayer that if he or she had a financial interest in, or signature authority over, a financial account located in a foreign country, the taxpayer should see the instructions for FBAR filing requirements (and exceptions to those requirements) to determine whether the taxpayer is required to file an FBAR.

9.     On the Schedule Bs included with Clifford's federal income tax returns for tax years 2017-2019 and 2021 that were originally filed with the IRS, she answered "Yes" in response to the question of whether she had a financial interest in or signature authority over a financial account (including a bank account, securities account, or brokerage account) located in a foreign country.  On the same Schedule Bs, she answered "Yes" in response to the question of whether she was required to file FinCEN Form 114, Report of Foreign Bank and Financial Accounts (FBAR), to report her financial interest or signature authority.  Also, on the same Schedule Bs, Clifford identified "BH" as the location of the foreign financial accounts.

10.     Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for the failure to comply with the reporting requirements of 31 U.S.C. § 5314.

FACTUAL BACKGROUND

11.     Beth E. Clifford is a United States citizen and was a United States citizen during the 2017, 2018, 2019, and 2021 calendar years. As a U.S. citizen, Clifford was a "United States person" within the meaning of 31 C.F.R. § 1010.350.

12.     During 2017 and 2018, Beth E. Clifford had a financial interest in, or signature or other authority over, each of the financial accounts listed below (hereinafter, collectively across 2017-2019 and 2021, "the Accounts"):

| 2017 and 2018 | | |
|---|---|---|
| **Financial Institution** | **City, Country** | **Account #** |
| Atlantic International Bank | Belize City, Belize | Ending in 1112 |
| Atlantic International Bank | Belize City, Belize | Ending in 3272 |
| Atlantic Bank | San Pedro, Belize | Ending in 3272 |
| Atlantic International Bank | Belize City, Belize | Ending in 3263 |
| Atlantic Bank | San Pedro, Belize | Ending in 5800 |
| Atlantic International Bank | Belize City, Belize | Ending in 9508 |
| Scotia Bank | San Pedro, Belize | Ending in 2547 |

13.     During 2019, Beth E. Clifford had a financial interest in, or signature or other authority over, each of the financial accounts listed below:

| 2019 | | |
|---|---|---|
| **Financial Institution** | **City, Country** | **Account #** |
| Atlantic International Bank | Belize City, Belize | Ending in 1112 |
| Atlantic International Bank | Belize City, Belize | Ending in 3272 |
| Atlantic Bank | San Pedro, Belize | Ending in 3272 |
| Atlantic International Bank | Belize City, Belize | Ending in 3263 |
| Atlantic Bank | San Pedro, Belize | Ending in 5800 |
| Scotia Bank | San Pedro, Belize | Ending in 2547 |
| Atlantic Bank | San Pedro, Belize | Ending in 8208 |

14.     During 2021, Beth E. Clifford had a financial interest in, or signature or other authority over, each of the financial accounts listed below:

| 2021 | | |
|---|---|---|
| **Financial Institution** | **City, Country** | **Account #** |
| Atlantic Bank | San Pedro, Belize | Ending in 5800 |

4

15. The Accounts were bank accounts located in a foreign country.

16. During each of the 2017, 2018, 2019, and 2021, calendar years, the collective balance of the Accounts exceeded $10,000.

17. Beth E. Clifford failed to timely file FinCEN Form 114, Report of Foreign Bank and Financial Accounts (hereinafter "FBAR"), for each of the 2017, 2018, 2019, and 2021 calendar years, with respect to the Accounts, as required by 31 U.S.C. § 5314 and 31 C.F.R. § 1010.306(c).

18. Beth E. Clifford's failure to timely file an FBAR was non-willful for each of the 2017, 2018, 2019, and 2021 calendar years.

19. On August 2, 2023, Beth E. Clifford consented in writing to extend the time, through April 15, 2025, for the IRS to assess the FBAR penalty for year 2017.

20. On June 10, 2024, in accordance with 31 U.S.C. § 5321(a)(5)(B)(i), a delegate of the Secretary of the Treasury assessed a civil penalty in the amount of $16,117 ($10,000 with an upward adjustment for inflation) against Beth E. Clifford for each of the 2017, 2018, 2019, and 2021 calendar years (collectively, the "FBAR Penalties") for her non-willful failure to timely report her financial interest in, or signature or other authority over, the Accounts for the 2017, 2018, 2019, and 2021 calendar years.

21. On or about June 12, 2024, a delegate of the Secretary of the Treasury sent to Beth E. Clifford notice of the assessment of the FBAR Penalties and a demand for payment.

22. In addition to the FBAR Penalties, Beth E. Clifford owes late-payment penalties pursuant to 31 U.S.C. § 3717(e)(2) and 31 C.F.R. § 5.5(a) in the amount of $7,418.24 as of May 13, 2026.

23.    In addition to the FBAR Penalties and the late-payment penalties described in the previous paragraph, Beth E. Clifford owes accrued interest in the amount of $4,945.48, as of May 13, 2026.

24.    Beth E. Clifford is liable to the United States for the FBAR Penalties, as well as associated penalties and interest, in the amount of $76,831.72 as of May 13, 2026, plus statutory accruals from that date until the liability is paid in full.

25.    This civil action to collect the FBAR Penalties, and the associated penalties and interest, is timely under 31 U.S.C. § 5321(b)(2), because it was filed within two years of June 10, 2024, the date that the penalties were assessed.

WHEREFORE, the plaintiff United States requests that this Court:

(1)    Enter judgment in favor of the plaintiff United States and against defendant Beth E. Clifford for the FBAR Penalties assessed against her with regard to the 2017, 2018, 2019, and 2021 calendar years, as well as associated penalties and interest, in the amount of $76,831.72 as of May 13, 2026, plus statutory accruals from that date until fully paid; and,

(2)    Award the United States of America its costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General
Tax Litigation Branch

*/s/ Danielle E. Sumner*
DANIELLE E. SUMNER
Trial Attorney, Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 55

6

Washington, D.C. 20044
202-514-6508 (v) / 202-514-5238 (f)
Danielle.Sumner@usdoj.gov

Of Counsel:

ANDREW B. BENSON
United States Attorney